UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GINA M. FONTANA,

                          Plaintiff,

                                                                   ORDER
       v.                                                            06-CV-359A

C. BARRY & ASSOCIATES, LLC,

                          Defendant.

---

## **BACKGROUND**

On June 1, 2006, plaintiff Gina Fontana commenced this action against defendant C. Barry & Associates alleging unfair and deceptive debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the New York General Business Law § 349. Although the complaint was properly served, the defendant failed to respond or otherwise appear. Plaintiff moved for default judgment against the defendant and on February 22, 2007, this Court granted that motion.

A hearing to determine the amount of damages was held on May 22, 2007. Plaintiff and her father testified at the hearing. Plaintiff testified that sometime before 2006, the defendant had acquired a debt for collection purposes that she (plaintiff) had incurred to another creditor. Unbeknownst to the defendant, the plaintiff

had already paid off that debt.[1]  The defendant contacted the plaintiff in April 2006 for the purposes of collecting on that debt.  Plaintiff advised the defendant that she had already satisfied the debt as part of a settlement more than a year earlier.

Thereafter, in May 2006, the defendant mailed a letter to the plaintiff entitled "Final Notice SUIT NOTIFICATION" intending to imply that a lawsuit had been filed against her in Erie County, New York.  That same letter was also mailed to the plaintiff's father and brother at a different address, despite the fact that the plaintiff did not reside with her brother and father.

Plaintiff's father testified that he opened the letter and believed that a lawsuit had been commenced against the plaintiff in Erie County, and that he was also a party to that suit.  Plaintiff's father confronted her about the debt, which caused her embarrassment and created animosity in their relationship.  Although plaintiff's brother did not testify, he provided an affidavit indicating that he also had received the same notification of suit letter.

## DISCUSSION

Section 1692k of the FDCPA provides for three types of damages: (1) statutory damages of up to $1,000 per plaintiff; (2) actual damages for any damages that were actually sustained; and (3) reasonable attorneys' fees, costs and expenses. See 15 U.S.C. § 1692k(a).  Plaintiff seeks $1,000 in statutory damages, actual

---

[1] Plaintiff testified that she had incurred a $2,000 credit card debt that she later settled for $750.

damages for the emotional injury she suffered as a result of the defendant's conduct, and reasonable attorneys' fees and expenses in the amount of $5,947.00.

A plaintiff need not suffer actual damages under the FDCPA to be entitled to statutory damages. Rather, "[a]ll that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling." Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998). In determining the amount of statutory damages to award, the Court must consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. See 15 U.S.C. § 1692k(b)(1).

After considering the factors set forth in § 1692k(b)(1), the Court finds that the plaintiff should be awarded statutory damages in the amount of $250. Although the statute was indeed violated, there is no basis to infer that the violation was intentional. Nor is this a case involving frequent or persistent violations. Thus, the Court finds that $250 is sufficient to compensate the plaintiff for the violation. See Savino, 164 F.3d at 86 (affirming award of $500 in statutory damages where the offending letter sent to the plaintiff was neither threatening nor abusive).

The Court finds that the plaintiff did not suffer any actual damages. Although the plaintiff may have suffered brief embarrassment and familial discord, the embarrassment and discord were clearly short-lived and caused no long term emotional distress to the plaintiff. In fact, the record showed that the plaintiff, who had worked in the debt collection industry herself, attributed the defendant's letter to aggressive (albeit

inappropriate) debt collection practices and did not believe that she was actually being sued.

Although the Court declines to award actual damages, the Court finds that reasonable attorneys' fees should be awarded.  The prevailing plaintiff in a FDCPA action is entitled to an award of reasonable attorneys' fees and expenses regardless of whether any statutory or actual damages are awarded.  See Savino, 164 F.3d at 87; Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 28 (2d Cir. 1989).  Courts typically use the lodestar method to determine reasonable attorney's fees.  The lodestar figure is calculated by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paralegal involved."  Kapoor v. Rosenthal, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003).  "[T]here is . . . a strong presumption that the lodestar figure represents a reasonable fee."  A.R. ex rel. R.V. v. New York City of Dep't of Educ., 407 F.3d 65, 79 (2d Cir. 2005) (quotation omitted).  Where the Court "augments or reduces the lodestar figure[,] it must state its reasons for doing so as specifically as possible."  DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985) (quotation omitted).

A reasonable hourly rate is the "prevailing market rate," *i.e.*, the rate "prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); see also Cohen v. W. Haven Bd. of Police Comm'rs, 638 F.2d 496, 506 (2d Cir. 1980) ("[F]ees that would be charged for similar work by attorneys of like skill in the area" are the "starting point for determination of a reasonable award.").  The

relevant community, in turn, is the district in which the court sits.  Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983).

Determination of the "reasonable hourly fee" requires a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel.  Farbotko v. Clinton County of New York, 433 F.3d 204, 209 (2d Cir. 2005).  This inquiry may include judicial notice of the rates awarded in prior cases,  the court's own familiarity with the rates prevailing in the district, and any evidence proffered by the parties.  Id.  The fee applicant has the burden of showing by "satisfactory evidence" that the requested hourly rate is the prevailing market rate.  Blum, 465 U.S. at 896 n.11.

Here, plaintiff seeks a total $5,947.00 in fees and expenses.  This amount represents 7.2 hours of attorney time billed at the hourly rate of $260, 15.4 hours of attorney time billed at the hourly rate of $225, 4.0 hours of paralegal time billed at $50 per hour, and $410 in costs.

The Court has carefully reviewed plaintiff's motion and the arguments of counsel, and finds that the time billed by plaintiff's counsel and the hours spent are reasonable in relation to the work performed.  Accordingly, the Court will not reduce the number of hours sought by counsel.  However, with regard to the hourly billing rates sought, the Court finds that both the $260 attorney rate and the $225 attorney rate are excessive.  With regard to time billed by attorney Kenneth Hiller, the Court finds an hourly billing rate of $200 is a more reasonable rate for this market, and is consistent with other rulings in this District for similar services by Mr. Hiller.  See e.g., Cornett v. Capital Mgmt. Servs., Inc., . 05-CV-515A, Docket No.18  (W.D.N.Y. Aug. 8, 2006);

McCarty v. Capital Mgmt. Servs., Inc., 05-CV-505S, Docket No. 20 (W.D.N.Y. Jul. 17, 2006); Zilgme v. NCB Mgmt. Serv., Inc., 05-CV-749S, Docket No. 12 (W.D.N.Y. May 15, 2006); Bartosik v. Credit Bureau of Rochester, Inc., 05-CV-318S, Docket Nos. 16 and 17 (W.D.N.Y. Mar. 31, 2006).  As this Court has previously noted, this rate is very generous and is equal to the rates assessed in FDCPA cases involving experienced attorneys in New York City.  See Dowling v. Kucker Kraus & Bruh, LLP, 99 CIV 11958, 2005 WL 1337442, at *8 (S.D.N.Y. June 6, 2005) (holding $200 to be a reasonable hourly rate in FDCPA cases for experienced attorneys in Manhattan); see also Kapoor, 269 F. Supp. 2d at 415 (collecting cases).

Similarly, the Court finds that a rate of $225 per hour for attorney Amanda Jordan is excessive in relation to her experience and prevailing market rates in this area.  Ms. Jordan is a fairly new attorney who was admitted to the New York State Bar in 2006.  The Court finds that a rate of $150 is a reasonable hourly fee based upon Ms. Jordan's experience, skill and prevailing market rates.

The Court finds that a paralegal rate of $50 per hour is reasonable.  See McCarty v. Capital Mgmt. Servs., Inc., 05-CV-505S, Docket No. 20 (W.D.N.Y. Jul. 17, 2006); Bartosik v. Credit Bureau of Rochester, Inc., 05-CV-318, Docket Nos. 16 and 17 (W.D.N.Y. Mar. 31, 2006).  Plaintiff's claim for $410 in costs is also reasonable and will be awarded.

Based on the foregoing, the Court finds that plaintiff is entitled to recovery for 7.2 attorney hours billed at $200 per hour, 15.4 attorney hours billed at $150 per hour, 4.0 hours of paralegal time billed at $50 per hour, and $410 in costs, for a total of $ 4,360 in attorneys' fees and expenses.

**CONCLUSION**

For the reasons stated, the Court awards plaintiff statutory damages in the amount of $250 and reasonable attorneys' fees and expenses in the amount of $4,360. Plaintiff's request for actual damages is denied.


SO ORDERED.

                                              s/ *Richard J. Arcar*a  
                                              HONORABLE RICHARD J. ARCARA  
                                              CHIEF JUDGE  
                                              UNITED STATES DISTRICT COURT

DATED:  August 4, 2007